## In Re Anonymous No. 3 D. B. 84

Disciplinary Docket Board No. 3 D.B. 84.

KECK, *Member,* October 17, 1984—Pursuant to Pennsylvania Rule of Disciplinary Enforcement 208(d)(2)(iii) the Disciplinary Board of the Supreme Court of Pennsylvania submits this report and recommendations to your honorable court respecting the above captioned petition for discipline.

## I. HISTORY OF THE CASE

About June 19, 1979 [A] was involved in an automobile accident. He retained the firm of [B and C] to represent him in a claim against the driver of the other car involved. [B and C] allowed the statute of limitations to run without taking action on [A's] behalf. [B and C] notified [A] of their failure, informed him that he had a claim against them, and advised him to engage other counsel to pursue that claim.

About July or August, 1981 [A] retained respondent to represent him in his claim against [B and C]. Respondent allowed the statute of limitations to run without taking action on [A's] claim, but on several occasions indicated to [A] that his claim was about to be settled. In particular respondent made an ap-

pointment with [A] for a Wednesday in December, 1983, at which persons representing [B and C] or their insurance carriers were supposed to be present. Those persons failed to appear because of car trouble. On the succeeding Friday [A] retained a third lawyer.

Office of Disciplinary Counsel filed a petition for discipline January 12, 1984 charging violations of

(a) D.R.1-102(A)(4) prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation,

(b) D.R.1-102(A)(5) prohibiting conduct that is prejudicial to the administration of justice,

(c) D.R.1-102(A)(6) prohibiting conduct that adversely reflects on a lawyer's fitness to practice law,

(d) D.R.6-101(A)(3) prohibiting neglect of a legal matter entrusted to the lawyer,

(e) D.R.7-101(A)(1) prohibiting intentional failure to seek the lawful objectives of a client through reasonably available means,

(f) D.R.7-101(A)(2) prohibiting intentional failure to carry out a contract of employment entered into with a client for professional services,

(g) D.R.7-101(A)(3) prohibiting intentional prejudice or damage to a client during the course of the professional relationship.

A hearing on the matter was held March 22, 1984 before two members of hearing committee [ ], [ ] and [ ]. The hearing committee filed its report June 26, 1984, concluding that respondent violated

(a) D.R.6-101(A)(3) prohibiting neglect of a legal matter, and

(b) D.R.1-102(A)(4) prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation. It may be inferred that by failing to mention the other Disciplinary Rules listed in the petition for disci-

pline the hearing committee dismissed the charge of violating them.

The hearing committee noted that respondent had received an informal admonition June 16, 1981 for violation of D.R.6-101(A)(3) dealing with neglect of a legal matter. The hearing committee recommended that respondent be publicly censured by the Supreme Court of Pennsylvania.

## II. FINDINGS OF FACT

From testimony offered at the hearing the following facts are apparent:

1. By letter dated August 27, 1981 respondent notified [B] of [B and C] that he had been retained by [A] and he requested that [B] notify their insurance carrier of [A's] formal demand and claim.

2. Attorney [C] made the [A] file available to respondent promptly.

3. Respondent took the file with him on vacation and misplaced it.

4. By letter dated November 17, 1981 respondent suggested to Attorney [C] that an appropriate amount in full settlement of all claims arising from the accident and the failure to meet the statute of limitations would be $40,000.

5. Respondent spoke informally with the lawyer representing [B's and C's] insurance carrier but never filed a claim.

6. Respondent was often in contact with [A] by telephone.

7. Respondent encouraged [A] to believe that his case would be settled promptly.

8. On or about May 25, 1982 [A] sent respondent from Puerto Rico a power of attorney to settle his claim against [B and C].

9. On or about July 9, 1982 [A] gave respondent a power of attorney prepared by respondent to settle his claim against [B and C].

10. On or about June 6, 1983 respondent had [A] sign a "General Release" accepting $32,500 in full settlement of all claims against [B].

11. On several occasions during his representation of [A] respondent loaned [A] money.

12. Respondent failed to settle [A's] claim against [B and C].

### III. DISCUSSION

Respondent is 49 years old. He was admitted to the practice of law April 3, 1967. Currently he is a sole practitioner with office in the borough of [ ]. Prior to November, 1983 he had one or more associates practicing with him. Currently he serves as assistant public defender in [ ] County. For eight years he served as assistant district attorney. He received an informal admonition June 16, 1981 for violation of D.R.6-101(A)(3) (neglect); he has not been subject to other disciplinary action.

Respondent admits that he neglected [A's] case although it was "pretty well an open and shut" case. Respondent did not refute [A's] testimony that respondent had encouraged [A] to believe that his case was on the point of settlement. It is clear that respondent failed to pursue his client's claim in timely fashion and misrepresented to his client the true status of his case.

Of ten similar cases involving neglect and expiration of the statute of limitations six were concluded by public censure. They are reported at

(1) In Re Anonymous No. 19D.B.76, 8 D. & C. 3d 400 (1976)

(2) In Re Anonymous No. 12D.B.76, 8 D. & C. 3d 294 (1977)

(3) In Re Anonymous No. 65D.B.75, 7 D. & C. 3d 519 (1977)

(4) In Re Anonymous No. 45D.B.75, 4 D. & C. 3d 736 (1977)

(5) In Re Anonymous No. 6D.B.80, 22 D. & C. 3d 490 (1982)

(6) In Re Anonymous No. 13D.B.82, 25 D. & C. 3d 212 (1983)

Two of the ten cases involved respondents who had records of prior discipline; they were concluded by suspension of four months. They are reported at

(7) In Re Anonymous No. 57D.B.77, 13 D. & C. 3d 519 (1979)

(8) In Re Anonymous No. 51D.B.78, 14 D. & C. 3d 98 (1980)

In the other two cases one respondent had ignored notice to appear for disciplinary action, the other misrepresented the status of his client's case in order to induce the client to pay additional money. Both cases were concluded with one year suspensions. They are reported at

(9) In Re Anonymous No. 42D.B.80, 20 D. & C. 3d 341 (1981)

(10) In Re Anonymous No. 32D.B.80, 24 D. & C. 3d 423 (1982)

In the light of these cases the appropriate discipline in the matter at hand appears to be public censure.

## IV. CONCLUSIONS OF LAW

Respondent violated

(a) D.R.6-101(A)(3) prohibiting neglect by a lawyer of a legal matter entrusted to him, and with respect to misrepresentation,

(b) D.R.1-102(A)(4) prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation.

Charges of violation of the following Disiplinary Rules are dismissed:

(a) D.R.1-102(A)(5) prohibiting conduct prejudicial to the administration of justice,

(b) D.R.1-102(A)(6) prohibiting conduct that adversely reflects on a lawyer's fitness to practice law,

(c) D.R.7-101(A)(1) prohibiting intentional failure to seek the lawful objectives of a client,

(d) D.R.7-101(A)(2) prohibiting intentional failure to carry out a contract of employment,

(e) D.R.7-101(A)(3) prohibiting intentional prejudice or damage to a client.

## V. RECOMMENDATIONS

The Disciplinary Board of the Supreme Court of Pennsylvania recommends to your honorable court that respondent be publicly censured for violation of D.R.6-101(A)(3) and D.R.1-102(A)(4), and that he be ordered to pay the costs associated with investigating and processing the petition for discipline.

Messrs. Helwig and McGinley did not participate in the adjudication.

## ORDER

NIX, *C.J.*, And now, this December 21, 1984, the recommendation of the Disciplinary Board dated October 17, 1984, is accepted, and it is

Ordered that [Respondent] be subjected to public censure by the Supreme Court at the session of court commencing April 15, 1985, in [ ]. It is further ordered that respondent shall pay costs, if any, to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.